IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

INDIAN HARBOR INSURANCE COMPANY,
    a Delaware corporation,

Plaintiff,

v.

HOUSTON CASUALTY COMPANY,
    a Texas corporation,

Defendant.

## COMPLAINT

Plaintiff, Indian Harbor Insurance Company ("Indian Harbor"), by and through its counsel, submits this Complaint against Houston Casualty Company ("HCC"):

## INTRODUCTION

1.    This dispute arises from the construction of an apartment complex in Fort Collins, Colorado (the "Project"). The owner of the Project, FMFPE, LLC ("FMFPE") issued a CDARA Notice of Claim to the general contractor, The Weitz Company ("Weitz"), which alleged consequential and resultant damage arising from the defective construction of the balconies at the Project. Weitz was entitled to and sought coverage under the wrap policy issued by HCC, which provided general liability coverage to Weitz and all other "enrolled contractors" involved in the construction of the Project.

2. HCC denied coverage to Weitz and despite Weitz and Indian Harbor's repeated requests for HCC to reconsider its wrongful denial of coverage, HCC refused and maintained its denial of coverage.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. This is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1).

## PARTIES

5. Plaintiff, Indian Harbor, is a Delaware corporation with a principal place of business in Connecticut.

6. Defendant, HCC, is a Texas corporation with a principal place of business in Texas.

## THE POLICIES

7. HCC issued Policy No. H16PC30658-00 to FMFPE, LLC, effective May 16, 2016 to June 1, 2018 (the "HCC Policy"). The HCC Policy is a project specific policy, which extends coverage for the Project to all "enrolled contractors" in the wrap up insurance program for this Project. The HCC Policy is subject to a $2,000,000 per occurrence limit of liability and $4,000,000 products completed operations aggregate limit of liability. Weitz is an "enrolled contractor" and thus, an insured under the HCC Policy.

8. Indian Harbor issued a Subcontractor Default Insurance policy to Weitz under Policy No. CSD7420746, effective June 1, 2016 to June 1, 2017 (the "Indian Harbor Policy").

The Indian Harbor Policy is a first-party insurance policy that provides coverage to Weitz for damages arising from the default of a subcontractor, which includes damages arising or resulting from a subcontractor's defective work. The Indian Harbor Policy includes the following Other Insurance provision:

> **j.    Other Insurance**
>
> This insurance is excess only and noncontributing over any other insurance available to the **Insured**, whether such other insurance is stated to be primary, pro-rata, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the limits of insurance provided in this Policy and is scheduled by endorsement to this Policy.

The Indian Harbor Policy is excess to the coverage provided by the HCC Policy for the damages alleged against Weitz as a result of the defective construction of the balconies at the Project.

## GENERAL ALLEGATIONS

9.    On October 12, 2016, Weitz and Tripp entered into a Subcontract for the Project, in which Tripp Construction ("Tripp") agreed to perform certain work at the Project, including rough carpentry, sheathing, and siding, including work in connection with the balconies.

10.    After the Project was completed, by letter dated March 21, 2019, FMFPE issued a Notice of Claim to Weitz pursuant to C.R.S. § 13-20-803.5 for resultant and consequential damages arising from the defective construction of the balconies (the "Claim"). *Ex. A*.

11.    Under Colorado law, a CDARA Notice of Claim triggers an insurer's duty to defend.

12.    HCC retained Network Adjusters as a third-party claims adjuster to assist in the investigation of the Claim. Thereafter, either HCC or Network Adjusters retained Moulton Claim Service in Colorado to assist in the investigation of the Claim. On June 6, 2019, Sawmber

3

Aguirres with Moulton Claim Service attended a site inspect at the Project for balcony testing on behalf of HCC. Additionally, HCC, Network Adjusters, and/or Moulton retained Rimkus to assist in HCC's investigation of the Claim.

13. On June 25, 2019, pursuant to the OCIP Insurance Manual provided for the Project, Weitz formally tendered the Claim to HCC for coverage under the HCC Policy. *Ex B*.

14. By letter dated August 21, 2019, Ashley Negretti at Network Adjusters (HCC's third-party claims adjuster) advised Weitz that it was retaining defense counsel for Weitz in response to the Claim. *Ex. C*. Unfortunately, HCC never honored its agreement to defend Weitz as required under Colorado law.

15. By letter dated September 13, 2019, HCC denied coverage, arguing there was no "property damage" and thus, no coverage under the Policy for the Claim. Weitz disputed HCC's denial and sought reconsideration of the denial of coverage. By letter dated October 21, 2019, HCC reiterated its denial of coverage, refused Weitz' request for reconsideration, and argued it had no duty to defend Weitz against FMFPE's Notice of Claim because it neglected to allege "property damage".

16. Indian Harbor sought reconsideration from HCC of its denial of coverage, and again HCC refused.

17. Given HCC's denial of coverage, Weitz submitted a claim to Indian Harbor under the Indian Harbor Policy. According to Weitz, the damages arising from the defectively installed balconies total at least $700,000, including the necessary investigative costs, and the damages are continuing. In early June 2021, Weitz notified Indian Harbor of additional damage arising from the defectively installed balconies. Weitz also notified HCC of the additional damage, which

HCC is investigating and handling under the same claim number utilized for the Claim. To date, although HCC has had over sixty (60) days notice of the additional damages identified at the Project in June 2021, HCC has yet to take a coverage position or provide a substantive response to Weitz' tender of the additional damage.

18. Given the additional damage discovered in June 2021, and with a statute of limitations approaching based upon HCC's September 13, 2019 denial of coverage, Indian Harbor asked HCC to enter into a tolling agreement to give the parties an opportunity to evaluate all pertinent documentation for the Claim, inspect the additional damage discovered this year, and try to resolve this dispute absent litigation. HCC refused.

19. To date, Indian Harbor has paid Weitz $560,300 for damages arising from the defectively installed balconies, and Weitz has advised that additional damages have been incurred. Thus, Indian Harbor expects it will be forced to pay additional amounts under the Indian Harbor Policy if HCC continues to refuse to honor its obligations under the HCC Policy. Most, if not all, of the damages paid by Indian Harbor to date or that it may in the future are covered "property damage" under the HCC Policy.

## FIRST CLAIM FOR RELIEF
### Equitable Subrogation

20. Indian Harbor incorporates by reference the preceding paragraphs as though fully set forth herein.

21. Weitz sustained a loss covered under the HCC Policy and thus, HCC had a duty to defend and indemnify Weitz for the Claim.

22. HCC refused to defend or indemnify Weitz for the Claim.

23. Any coverage afforded to Weitz under the Indian Harbor Policy is excess to the

coverage provided to Weitz under the HCC Policy and thus, Indian Harbor was not primarily liable for the Claim.

24.     As a result of HCC's wrongful refusal to defend and indemnify Weitz, Indian Harbor was forced to pay the Claim pursuant to its contractual obligations to Weitz and thus, did not make a voluntary payment.

25.     Indian Harbor paid more than its equitable share of the Claim.

26.     HCC is liable for the Claim for all monies within its limit of lability.

27.     HCC is equitably liable to Indian Harbor, who involuntarily discharged Weitz' debt for the Claim, because of HCC's wrongful denial of coverage.

## SECOND CLAIM FOR RELIEF
### Contractual Subrogation

28.     Indian Harbor incorporates by reference the preceding paragraphs as though fully set forth herein.

29.     The Indian Harbor Policy includes a subrogation provision.

30.     HCC had a duty to defend and indemnify Weitz for the Claim.

31.     HCC wrongfully refused to defend and indemnify Weitz for the Claim, breaching its duty to defend and indemnify Weitz.

32.     HCC failed to pay the Claim.

33.     Indian Harbor is contractually entitled to recover any payment that Weitz has the rights to recover, which were paid by Indian Harbor.

34.     Pursuant to Indian Harbor's contractual rights, Indian Harbor is subrogated to Weitz' claims and is entitled to recoup the monies paid that should have been paid and are owed by HCC.

### THIRD CLAIM FOR RELIEF
**Equitable Contribution**

35.     Indian Harbor incorporates by reference the preceding paragraphs as though fully set forth herein.

36.     In indemnifying Weitz for the Claim, Indian Harbor paid more than its equitable share of Claim.

37.     HCC had a duty to defend and indemnify Weitz for the Claim and wrongfully denied coverage for the Claim.

38.     HCC is responsible for its equitable share of the Claim.

39.     Indian Harbor is entitled to equitable contribution from HCC.

### FOURTH CLAIM FOR RELIEF
**Declaratory Judgment**

40.     Indian Harbor incorporates by reference the preceding paragraphs as though fully set forth herein.

41.     An actual controversy has arisen and now exists with respect to the obligations and duties owed by HCC under the HCC Policy.  The coverage afforded under the Indian Harbor's Policy is excess to that provided under the HCC Policy for the Claim, but HCC wrongfully denied coverage for the Claim.  Thus, Indian Harbor has an interest in this controversy.

42.     Pursuant to Fed.R.Civ.P. 57(a), Indian Harbor asks the Court to determine that HCC had a duty to defend and indemnify Weitz for the Claim and the damages covered under the HCC Policy.

## **PRAYER FOR RELIEF**

HCC had a duty to defend and indemnify Weitz against the Claim. In fact, HCC initially agreed to defend Weitz but later refused to honor its duty and agreement to defend less than a month later. WHEREFORE, Indian Harbor prays for relief and requests that the Court enter judgment in its favor and against HCC in an amount determined by the trier of fact, including but not limited to reimbursement of the amounts paid by Indian Harbor for the Claim, interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of September, 2021.

> */s/ Jane E. Young*
> Jane E. Young
> McElroy, Deutsch, Mulvaney & Carpenter, LLP
> 5600 South Quebec Street, Suite C100
> P.O. Box 4467
> Englewood, CO  80155-4467
> Telephone:  (303) 293-8800
> Facsimile:  (303) 839-0036
> E-Mail:  jyoung@mdmc-law.com
> *Attorney for Indian Harbor Insurance Company*